## HORN *v.* TUFTS.

If a husband conveys his homestead, without the concurrence of his wife, and subsequently acquires a new homestead, though of less value, the homestead right in the former is thereby terminated.

If a husband conveys an undivided half of the homestead on which he and his family have lived, to a third person, and his wife does not join in the deed, but the grantee enters into possession of his part, and the husband continues to occupy the residue in common as his homestead, the homestead right becomes limited to the half so occupied.

The judge of probate has no authority to assign to a widow her homestead, except in the estate of which the husband died seized, or perhaps where there is no dispute about the title.

APPEAL from a decree of the court of probate. An auditor was appointed to state the facts, from whose report it appeared that the appellant is the widow of Jacob Horn, who purchased, in 1805, the farm in which she now claims a homestead, and they occupied till his death, in 1857. February 16, 1853, he gave their daughter, Adaline D. Tufts, wife of Davis Tufts, a deed of half this farm in common, but the appellant did not sign the deed. Adaline and her husband immediately moved upon the farm, and Horn and wife and Davis and wife occupied in common, till Horn died. After Horn's decease, Mrs. Horn, by Orne, her agent, and an attorney employed by him, applied to the probate court for dower, and a committee first divided the farm between Mrs. Tufts and her father's estate, and assigned to the widow her dower in the part set off to the estate. Their report was duly accepted by the court of probate. September 3, 1858, Mrs. Horn demanded of Tufts and wife her dower in the part of the farm assigned to Mrs. Tufts, and, within thirty days after, they assigned her dower in writing, and by metes and bounds, which she has not accepted. Mrs. Horn has no minor children. August 3, 1858, Mrs. Horn presented to the court of probate her petition, praying that a homestead should be

assigned to her out of the whole farm. Tufts and wife appeared, and objected to any assignment of a homestead in the half of the farm assigned to the wife, and after a hearing the prayer of the petition was denied by the court, and Mrs. Horn made and entered her appeal in due form.

It is admitted that no part of either dower is covered by the buildings on the farm, but one half of them was assigned to the estate, and that the decree is erroneous, in so far as it denied a homestead to Mrs. Horn in the part assigned to the estate.

*Chesley,* for the appellant.

I. The judge of probate erred in denying the petition as to part not claimed by Mrs. Tufts. He was authorized to assign a homestead in that. *Norris* v. *Moulton,* 34 N. H. 392. No objection has been made, so far as that part is concerned.

II. Previous to the petition for dower, Mrs. Horn had an undoubted right to a homestead in the part now claimed by Mrs. Tufts. It is contended that she has lost that right by abandonment. To perfect and retain a homestead right, there must be an actual occupancy. To destroy that right there must be an actual abandonment. Mrs. Horn has continued to occupy the premises in precisely the same manner, since the partition and assignment of dower, as before, and still so occupies them. She chose to have her dower assigned first. By so doing she neither abandoned nor waived her homestead right. She has resided continually, for nearly sixty years, upon that particular part claimed by Mrs. Tufts.

III. There has been no waiver or release. 1. Because Orne was merely a special agent, to obtain an assignment of dower in lands not claimed by Mrs. Tufts. An attorney, who is employed to prosecute or defend an action, is a special agent. *White* v. *Hildreth,* 13 N. H. 106. Neither

Orne nor the attorney he employed had any authority to make the concessions contained in the petition for dower. If a special agent exceed his authority, his principal is not bound. 1 Pars. on ·Con. 40, and authorities cited. 2. The statute expressly declares that no release or waiver shall be valid unless made by deed, executed by the husband and wife, &c. Comp. Stat., ch. 196, sec. 1.

IV. It is urged that Jacob Horn's deed ousts the judge of probate of his jurisdiction. If this is so, then a widow may have a homestead right without the means of enforcing it. She cannot make a demand, and sue, as in the case of dower. The action of dower is a common law action; the homestead right is a creature of the statute, and must be enforced, if at all, according to the provisions of the statute. The only mode of enforcement provided by the statute in this case is through the court of probate. If a deed of the husband alone ousts the judge of his jurisdiction, then minor children, who continue to occupy after the decease of their parents, have in many cases a right without a remedy. The judge of probate has no jurisdiction to assign dower in lands conveyed by the husband in fee. Rev. Stat., ch. 165, sec. 3. For the same reason the court of probate has no jurisdiction to assign dower, where the husband has conveyed the land in fee and in mortgage. *Pinkham* v. *Gear*, 3 N. H. 163 ; *Sheaf* v. *O'Neil*, 9 Mass. 9 ; *Pond* v. *Pond*, 13 Mass. 413 ; Stearns on Real Actions 299. The judge of probate is authorized to assign a homestead in an estate, notwithstanding the husband may have conveyed the land in fee and in mortgage. *Norris* v. *Moulton*, 34 N. H. 392. Why should he not have the same authority in the case of an unconditional conveyance ? No sound reason exists why a conditional and unconditional deed should have the same effect, the one as the other in the case of dower, and not have it in the case of a homestead. The seizin agreed upon in *Norris* v. *Moulton* was merely the occupancy by Norris at the time

of his death. It was not such seizin as would give the court of probate jurisdiction to assign dower, even if the husband had more than an instantaneous seizin. Parties cannot give the court of probate jurisdiction by assent. *Pond* v. *Pond*, 13 Mass. 419; *Carroll* v. *Richardson*, 9 Mass. 331.

*Woodman & Doe*, for the appellee.

1. If the appellant had asked for a homestead in the half of the farm of which Jacob Horn died seized, it would have been granted. It was an oversight that the decree of denial covered the whole petition; the contest being only as to the half.

2. We contend that there was an actual abandonment by the appellant of the half assigned to Mrs. Tufts.

3. It is admitted the appellant directed Orne to have her dower set out in the half of the farm of which her husband died seized. The dower could be conveniently and equitably assigned by metes and bounds, a division being first had, and the endowment could not be special. Comp. Laws, ch. 175, sec. 6. The statute provides for a division of estates held in common before assigning dower. Comp. Laws, ch. 177, sec. 8. To cause a division of the farm was part and parcel of the proceedings in the action, and within the powers of the attorney. *White* v. *Hildreth*, cited for the appellant. These proceedings were sanctioned and ratified by the appellant, who was present, and made no objection. In that petition she set forth that Mrs. Tufts was owner of half the farm, and there was no dispute about the title, and made no reservation of any right of homestead. The division estops the appellant from claiming the land assigned to Mrs. Tufts, and is as effective to bar the homestead as her quitclaim. 4 Cru. Dig., 26, Deed, ch. 6, sec. 25.

4. Homestead and dower rights are much alike. Both are inchoate during the life of the husband, not perfected

till duly assigned. Both are assignable by the judge of probate out of the estate of which the husband died seized. Where he was not seized it would be an anomaly for him to assign it. That court has jurisdiction of dead men's estates, not of the living, except in partition, where there is no dispute about the title. The case of *Norris* v. *Moulton* does not change the practice. That case finds that the husband did die seized and possessed of the estate. The mortgagee was not a party to the suit. His rights were no way impaired by the judgment there rendered. The proceedings were expressly subordinate to the rights of the mortgagee. The mortgage was considered only as a lien upon the estate, which might or might not be enforced.

The cases cited to show want of jurisdiction in the probate court to assign dower, where the husband had only an equity of redemption, are of like authority against a homestead claim under a like state of the title. No objection was taken to the jurisdiction of the court. If the appellant is entitled to her homestead in Mrs. Tufts' half of the farm, it does not follow that the court of probate must assign it to her. Wherever the statute gives a right, but provides no remedy, the court will provide one. It would be within the fair exercise of the general powers of the Supreme Court to provide that proceedings, analogous to those in case of dower, should be adopted for the recovery of a homestead, in property of which the husband did not die seized; namely, a demand to be made before suit, a writ, like that of dower or execution, demanding the sheriff to set off the homestead by appraisers; or the court might appoint a committee to report what would be a reasonable homestead, and upon its acceptance issue a writ of possession and for costs. If the statute is wholly defective in this respect it is but one of its numerous defects requiring further legislation, and does not show that the probate court is authorized to try land titles.

Bell, C. J.* . In the case of *Hoitt* v. *Webb*, 36 N. H. 166, the question arose in what property a widow is entitled to claim a homestead. The husband owned two houses, standing on different lots, in one of which he lived with his wife and family, and the other was leased to a tenant. The wife had her dower assigned to her in the house in which her husband lived, and she claimed her homestead in the other house and lot. It was held that "homestead means the home place; the place where the home is. It is the home, the house and adjoining land, where the head of the family dwell; the home farm. It does not extend to other tenements, lots and farms, that are not occupied personally by the owner and his family; houses in which they do not dwell, and farms on which they do not live. It cannot apply to leased property occupied by tenants, where the owner does not dwell."

From this description we think it follows that, as a man can have but one home at the same time (*Abington* v. *North-Bridgewater*, 23 Pick. 177) so he can have but one homestead. As, by gaining a new home, he necessarily loses the old, so if he acquires a new homestead at his new home, his old homestead, and all rights appertaining to it, are necessarily lost. Many men change their homes frequently, and with each change of home purchase new farms and new buildings, which thenceforth become their homesteads. But we think the homestead exemption cannot be construed to apply to more than one homestead at the same time. In this respect the homestead right is entirely unlike the right of dower, to which, in certain respects, it has been compared, and to which it has certain analogies. The right of dower attaches itself to every parcel of real estate to which the husband may become entitled during the continuance of the marriage relation; and the estate which may be claimed and assigned to the wife may

* Doe, J., did not sit.

be of unlimited value; but the homestead right can be assigned in only one estate, and its value cannot in any event exceed five hundred dollars.

Though it is provided by the statute that no release or waiver of the homestead shall be valid unless made by deed, executed by the husband and wife; or, if the wife is dead and there are minor children, by the deed of the husband with the consent of the judge of probate, yet we think it clear that the inchoate right of the wife and minor children in one estate, occupied as a homestead, from the very nature of the exemption, must cease with the acquisition of a new homestead, to which the exemption must afterwards apply.

On the same principle, if the husband, having a homestead of greater value than five hundred dollars, shall dispose of a part of it, the reduced estate may become from that time the homestead, if it is occupied as such, and the law on the subject will cease to apply to the part so sold.

In the case of *Hoitt* v. *Webb*, before cited, it was held that "the fact that the house and lot occupied by the husband and family was not of the value of five hundred dollars, does not change the aspect of the question. This fixes the limit beyond which the amount exempted shall not extend, but it does not require that the property exempted shall reach that sum, nor that other property, not occupied as a homestead, shall be taken to make up the value. If a person chooses to occupy a homestead of less value than five hundred dollars, and to rent his other real estate, he has a perfect right to do so, but other property cannot be exempted."

The principle held in that case governs in this. Jacob Horn had the right to dispose of his estate, or any part of it; and if he retained, or afterwards acquired a new homestead, the purchaser of the old estate would hold it, free from the homestead claim. As he could sell such part of the estate, marked by such limits as he chose, so

he may sell any share of the estate that suits his conven-
ience. What remains is still, if he continues to occupy
it, his home; the family homestead of the head of his
family; and it is to this reduced homestead alone that the
statute applies. The deceased, having in this case con-
veyed to his daughter one undivided half of what had
been his homestead farm, and having continued to occupy
the other half as his own homestead, the right of his wife
became limited to that half, and she can claim no interest
in the part thus conveyed, under the statute in question.

Another question arises upon this appeal, relating to
the course of proceeding to be pursued in setting off the
homestead to the widow. In the case of *Norris* v. *Moulton*,
34 N. H. 394, it was held that a widow who continues,
after the decease of her husband, to occupy the dwelling
which constituted the family home at the time of his
death, may have a homestead assigned to her by the judge
of probate, by virtue of the powers given to him by the
Revised Statutes, to cause the dower and share of the
widow in the real estate of any person deceased to be as-
signed to her. But the authority of the judge of probate
in such a case extends only to the estate of which the hus-
band died seized. In *Atkinson* v. *Atkinson*, 37 N. H. 434,
it was held that the deed of the husband alone will con-
vey the estate, subject to the inchoate right of the wife
and minor children, if any, after his decease ; and that she
may have her remedy to obtain an assignment by a.bill in
equity, or by the statute proceeding, by petition for par-
tition, under chapter 206 of the Revised Statutes. In the
case of *Gunnison* v. *Twitchel*, 38 N. H. 62, the jurisdiction
of the Supreme Court to set off the homestead of a widow
was distinctly asserted, though it was decided that such
homestead was not assignable, and that a bill or petition
for that purpose could not be maintained by an assignee.

The general principle being, as we conceive, well settled
that the authority of the courts of probate to cause a divi-

sion of real estate to be made, is confined to two cases ; that is, where the estate in question is a part of the estate of a person deceased, or where there is no dispute about the title ; and there being no pretence that the estate conveyed to Mrs. Tufts was part of the estate of her father at his decease, and the claim of the petitioner to any part of it being denied, the court of probate decided properly that the petition, so far as it respected her land, could not be sustained in that court, and so far the decree must be affirmed. As to the other half it must be reversed.